J. A29011/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MARY AGNES LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: RICHARD T. LEWIS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 155 WDA 2016 |
| | : | |

Appeal from the Order Dated January 6, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 0342 of 2015

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED OCTOBER 11, 2016**

Appellant, Richard T. Lewis, Jr., appeals *pro se* from the January 6, 2016 Order entered in the Court of Common Pleas of Allegheny County which dismissed Appellant's Petition for Citation Sur Appeal and Injunctive Relief. Appellee has filed an "Application to Quash and/or Strike Appellate Brief." Because Appellant fails to make any coherent legal arguments in his Appellate Brief and fails to meet other requirements, we are unable to provide meaningful review. Accordingly, we quash this appeal and deny Appellee's Application as moot.

The facts are not relevant to our determination. Appellate briefs "must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure," and this court may quash or dismiss an appeal if the

defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although appellate courts are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251-252 (Pa. Super. 2003) (citation omitted). This Court "will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa.Super.2014). Further, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Sanford**, 445 A.2d 149, 151 (Pa. Super. 1981).

Appellant's Brief not only fails to provide any coherent legal arguments, but also utterly fails to comply with our rules of appellate procedure. The argument section is completely devoid of, among other things, any discussion and citation to supporting authority. Pa.R.A.P. 2119(b). Rather, Appellant includes medical conclusions, allegations of incompetence directed toward the orphan's court and attorneys, explicitly racist statements, falsehoods, and blatant misrepresentations.

Additionally, Appellant's Brief contains an argument section, but it is not divided "into as many parts as there are questions to be argued."

Pa.R.A.P. 2119(a).[1] The Brief also does not contain a statement of jurisdiction, the text of the order from which Appellant purports to appeal, a statement of the scope and standard of review, or a summary of the argument.[2] Pa.R.A.P. 2111(a)(1), (2), (3), (6); 2114; 2115; 2118.

Because of the Brief's considerable defects, we are unable to perform appellate review. We, thus, quash the appeal. The Prothonotary is directed to strike this case from the argument list.

Appeal quashed. Appellee's Application to Quash and/or Strike Appellate Brief denied as moot. Case is stricken from the argument list. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016

---

[1] The Rules of Appellate Procedure state clearly "that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." **Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.**, 959 A.2d 438, 444 (Pa. Super. 2008) (citations and quotation omitted); Pa.R.A.P. 2119(a) and (b).

[2] Appellant's Brief does contain a section labeled, "Summary Argument" which spans nine pages. This "summary" appears to be the Brief's argument section.